CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2011

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BEVERLY R. MANGUM, | ) | |
|     Petitioner | ) | Civil Action No. 7:11cv00205 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner, Beverly R. Mangum, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Mangum argues that his plea was not knowing and voluntary and that counsel provided ineffective assistance on four grounds. The state court determined that all of Mangum's claims failed under Anderson v. Warden, 281 S.E.2d 885 (1981), and that his ineffective assistance of counsel claims also failed under Hill v. Lockhart, 474 U.S. 52 (1985). Upon *de novo* review, this court finds that Mangum's claim concerning the voluntariness of his plea has no merit. Further, this court finds that the state court's adjudication of Mangum's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. Therefore, the court grants respondent's motion to dismiss.

I.

On December 2, 2008, after pleading no contest to first degree murder, robbery, and attempted robbery in the Roanoke City Circuit Court, the court convicted Mangum on all three counts and sentenced him to a total term of 30 years incarceration, with 10 of those years suspended. In accordance with the written plea agreement, the court entered a *nolle prosequi* in the prosecution of three other firearm charges. Mangum did not appeal. Mangum filed a timely

state habeas petition in the Roanoke City Circuit Court alleging that his plea was not knowing and voluntary and that counsel provided ineffective assistance on several grounds. The circuit court dismissed Mangum's habeas petition, finding that his claims failed under Anderson v. Warden, 281 S.E.2d 885 (1981), and that his ineffective assistance of counsel claims also failed under Hill v. Lockhart, 474 U.S. 52 (1985). The Supreme Court of Virginia refused Mangum's appeal.[1] Mangum then filed the instant federal habeas petition alleging the same claims tha he alleged in his state habeas petition. Specifically, he claims that his plea was not knowing and voluntary and that counsel provided ineffective assistance in failing to investigate the case, in coercing Mangum to enter a plea of no contest, in negotiating the plea in Mangum's absence and without his consent, and in failing to investigate or present evidence that Mangum was not guilty as a principal in the second degree. The court served Mangum's petition upon the respondent, and this matter is before the court on respondent's motion to dismiss.

## II.

Mangum alleges that his plea of no contest was not knowing and voluntary. The state court rejected his claim under Anderson, 281 S.E.2d at 885. Because the scope of Anderson is not clear, this court reviewed Mangum's claim *de novo* and finds that his claim has no merit. Accordingly, the court dismisses Mangum's claim.

Anderson holds that the truth and accuracy of representations made by a defendant as to the adequacy of his court-appointed counsel and the voluntariness of his guilty plea will be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his prior statements. 281 S.E.2d at 888. However, the scope of the Anderson rule is unclear and, therefore, the court will not treat it as an

---

[1] In refusing Mangum's petition for appeal on habeas review, the Supreme Court of Virginia, in effect, adjudicated Mangum's claims. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Thomas v. Davis, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

2

independent and adequate state ground for procedural default. See Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000). Accordingly, the court reviews the claim *de novo* and finds that it has no merit.

Mangum's claim that his plea was not knowing and voluntary contrasts sharply with the statements he made during his plea colloquy. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977); and citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74).

During his plea hearing, Mangum affirmed that he was 54 years old and had a GED, that he fully understood the charges against him and had the opportunity to discuss them and their elements with defense counsel; that he had an opportunity to discuss any possible defenses and his possible plea with counsel; that, after consulting with counsel, he had determined for himself to enter his pleas of no contest and was doing so voluntarily; that he understood that for purposes of the proceeding, a plea of no contest was the same as a guilty a plea and that a plea of no contest was sufficient for the court to convict him on each charge; that he understood the various rights he would give up by entering a no contest plea; that he had discussed the fact that he was on probation with counsel; that he had not been threatened or coerced into entering his pleas; that he had not received any promises, other than those set forth in the written plea agreement; that he understood the potential penalties provided by law in the event he did not have a written plea

3

agreement; that he understood that the court was not bound by the sentencing guidelines; that he was aware that parole has been abolished in Virginia; that he was completely satisfied with counsel's representation and that he had no complaint whatsoever regarding their performance; and that he had signed the written plea agreement. The transcript reflects that the court took care to ensure that Mangum was entering his plea both knowingly and voluntarily by reviewing the provisions until the court was fully satisfied that Mangum understood. The court made findings on the record at the plea hearing that Mangum was competent to plead and that he voluntarily and knowingly entered his plea. Nothing that has followed has dispelled that conclusion. Accordingly, the court finds that Mangum's challenge to the validity of his plea has no merit and, therefore, dismisses his claim.

### III.

Mangum claims that counsel provided ineffective assistance in failing to investigate the case, in coercing Mangum to enter a plea of no contest, in negotiating the plea in Mangum's absence and without his consent, and in failing to investigate or present evidence that Mangum was not guilty as a principal in the second degree. The state court adjudicated and rejected all of these claims, finding that they failed under Hill, 474 U.S. at 52.[2] This court finds that the state court's adjudication of these claims was not based on an unreasonable determination of the facts and did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law.[3] Accordingly, the court dismisses Mangum's claims.

---

[2] Hill discusses the application of the two prong standard established in Strickland v. Washington, 466 U.S. 668 (1984), in the context of a guilty plea.
[3] Mangum's petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§

4

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. There is a strong presumption that an attorney is acting reasonably. Id. at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id. In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 58.

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by Strickland . . . ." Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher

---

2254(d)(1), (d)(2). A state court adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

5

threshold.'" Id. at 1420 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." Id.

In adjudicating Mangum's ineffective assistance of counsel claims on habeas review, the state court found that "given the strong proof of [Mangum's] guilt as reflected in the record, as well as the significant benefits he derived from his plea agreement with the Commonwealth, [Mangum] cannot establish a reasonable probability that he would have gone to trial on the merits, but for any claimed error by trial counsel." Based on this finding, the state court determined that Mangum's claim failed under Hill. During his plea colloquy, Mangum affirmed that he was entering his plea of no contest freely and voluntarily; that no one had threatened, forced, tricked, coerced, or intimidated him into pleading no contest; that counsel did not do anything that he did not want them to do and did everything that he wanted them to do; and that he had no complaint or criticism whatsoever regarding any aspect of the legal services and representation he received. In fact, when asked by the court about counsel's performance, Mangum responded "they did good." "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." Lemaster, 403 F.3d at 221 (quoting Blackledge, 431 U.S. at 74; and citing Bowman, 348 F.3d at 417). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. White, 366 F.3d at 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74). Based on the foregoing, this court finds that the state court's adjudication of Mangum's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an

6

unreasonable determination of the facts. Accordingly, the court dismisses Mangum's ineffective assistance of counsel claims.[4]

## IV.

For the reasons stated herein, the court grants respondent's motion to dismiss and dismisses Mangum's § 2254 petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 6th day of October, 2011.

_____
United States District Judge

---

[4] To the extent Mangum attempts to raise any new claims in his habeas petition, the court finds that any new claim is procedurally defaulted, Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), Va. Code § 8.01-654(B)(2), Teague v. Lane, 489 U.S. 288, 297-99 (1989), and Mangum has not demonstrated grounds to excuse his default, Coleman v. Thompson, 501 U.S. 722, 750 (1991). Accordingly, the court finds that any new claim is barred from federal habeas review.